1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

CHRISTOPHER SCOTT CRAWFORD,

Defendant.

CASE NO. 2:22-cr-00087-JHC

ORDER

14

15

16

17

This matter comes before the Court on Defendant's Motion in Limine to Exclude

Specific Evidence at Trial.  Dkt. # 47.  The Court has considered the submissions in support of,

and in opposition to, the motion, the applicable law, and the case file.  Being fully advised, the

Court DENIES the motion.

18

Defendant moves to exclude the following evidence:

19

20

1) Evidence that he sent explicit images, or pornography, of alleged victim K.C. to the

colleagues and coworkers of K.C. or to others.

21

2) Evidence that he posted explicit images, or pornography, of K.C. on the internet.

22

23

3) Evidence of alleged threatening communications to individuals, other than K.C., who are

not named in the Indictment.

24

ORDER - 1

Dkt. # 47 at 1.  Defendant argues that the evidence at issue is "irrelevant to any of the material elements listed in either 18 U.S.C. § 2261A(2)(B) or 18 U.S.C. § 875(c)." *Id.*  Alternatively, Defendant argues that the prejudicial impact of the evidence would outweigh any probative value under the balancing test set forth in Federal Rule of Evidence 403.  *Id.* at 1–2, 9–11.

As to relevance, Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without further evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible.  Fed. R. Civ. P. 402.  Defendant points out that the cyberstalking statute requires proof of a "true threat" or speech that is integral to proscribable criminal conduct, while the interstate threats statute requires proof of a "true threat."  Dkt. # 47 at 5.  His position is that speech-related conduct that fails to meet these narrow definitions cannot be relevant to prove these crimes.  *Id.* at 5–9; *see also* Dkt. # 54 at 1–2.  The Court disagrees.  As Defendant recognizes, the cyberstalking statute requires proof that the defendant acted "with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person."  18 U.S.C. § 2261A(2)(B).   The evidence in question is probative of Defendant's intent because it demonstrates his state of mind and thoughts toward K.C.  Further, while the Court did find that only unprotected speech may be proscribed by the statute (*see* Dkt. # 44), it does not logically follow that all admissible evidence must also be unprotected speech.  To the contrary, evidence may be admissible to prove state of mind even if it may not serve as the basis to support the pattern of conduct prohibited by the statute.

As to prejudice, under Federal Rule of Evidence 403, the Court has discretion to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. at 403.  Although the evidence will likely lead to

prejudice, that prejudice is not "unfair" as to outweigh its probative value.  *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)) ("'Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.'").

Accordingly, the Court DENIES Defendant's motion in limine.

Dated this 8th day of May, 2023.

John H. Chun
United States District Judge

ORDER - 3